UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MAGDI ABDELMONEIM, :
: **MEMORANDUM AND ORDER**
Plaintiff, : 12-CV-5268 (DLI)(JMA)
:
-against- :
:
DEPARTMENT OF THE ARMY, GSA US :
GOVERNMENT, JOSE A. SUAREZ-CARDONA, :
:
Defendants. :
---------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Magdi Abdelmoneim ("Abdelmoneim" or "Plaintiff") brings this action against the Department of the Army (the "Army"), GSA US Government (the "government"), and Jose A. Suarez-Cardona ("Staff Sergeant Suarez-Cardona") (collectively, "Defendants"), seeking to recover damages for personal injuries allegedly suffered as a result of the Defendants' negligence. (*See* Compl., Docket Entry No. 1.) Defendants move to dismiss all of the claims asserted against them pursuant to Rules 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff opposes. For the reasons set forth below, Defendants' motion is granted due to lack of subject matter jurisdiction.

**BACKGROUND**

The following facts are taken from the Plaintiff's Complaint, documents attached to the Complaint, and matters of which judicial notice may be taken. These facts are assumed true solely for purposes of this motion.

On May 1, 2009, at approximately 1:45 a.m., Plaintiff was driving westbound on the Gowanus Expressway in Brooklyn, New York. (Compl. ¶ 6.) Staff Sergeant Suarez-Cardona,

an Army employee, collided with Plaintiff while driving a government-owned vehicle, causing Plaintiff to "sustain damage to his body and person." (Compl. ¶¶ 10-12, 22, 29, Ex. 2 at 2.)

On July 14, 2010, Plaintiff brought a claim for damages with the Army Claims Service (the "Agency"). (Compl. ¶ 14, Ex. 2 at 6-7.) By letter dated April 16, 2012 (the "Denial Letter"), the Agency denied Plaintiff's claim on the basis that Staff Sergeant Suarez-Cardona was not acting within the scope of his employment at the time of the collision. (Compl., Ex. 2 at 2-3.) The Denial Letter stated that it was notifying Plaintiff of "final administrative action." (*Id.*) The Denial letter also informed Plaintiff that he was required to file suit challenging the Agency's decision no later than six months from the date of the mailing of the Denial Letter, or else be "forever bar[red] from further suit." (*Id.*)

After receiving the Denial Letter, Plaintiff initiated an uninsured motorist claim with Hereford Insurance ("Hereford") in New York State Supreme Court, Kings County (the "State Court action"). (Pl.'s Mem. ¶ 4, Docket Entry No. 13.) In August 2012, Hereford moved for a stay of the State Court action in order to challenge the Agency's denial of Plaintiff's claim. (*Id.* ¶¶ 4-5.) On May 30, 2013, the stay was granted (*id.* ¶ 5), and on June 17, 2013, Hereford commenced a declaratory judgment action against Plaintiff and Defendants in this district (the "Declaratory Judgment action"). *See Hereford Insurance Company v. Abdelmoneim*, 13-cv-3430 (JBW)(VMS).[1]

On October 19, 2013, Plaintiff commenced this action against Defendants, claiming "dissatisf[action] with the denial of the claim brought" before the Agency. (Compl. ¶ 7.) Defendants move to dismiss Plaintiff's claims against them pursuant to Rules 12(b)(1) and

---

[1] On November 8, 2013, *Hereford Insurance Company v. Abdelmoneim* was voluntarily dismissed with prejudice. (*See* Docket No. 13-cv-3430, Docket Entry No. 13.)

2

12(b)(5) of the Federal Rules of Civil Procedure, claiming that Plaintiffs' claims are time-barred under the Federal Tort Claims Act ("FTCA") and that Plaintiff failed to timely effectuate service of process on the Defendants. (Defs.' Mem. at 2, Docket Entry No. 9-1.) Plaintiff opposes. (Pl.'s Mem.) For the reasons set forth below, Defendants' motion is granted on the ground that Plaintiff's claims are time-barred, and, therefore, the Court lacks subject matter jurisdiction. As such, the Court need not reach Defendants' additional ground for dismissal.

## DISCUSSION

### I. Legal Standard

Subject matter jurisdiction is a threshold issue. Thus, the court must address Defendant's 12(b)(1) motion first. *See Sherman v. Black,* 510 F. Supp. 2d 193, 197 (E.D.N.Y. 2007) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F. 2d 674, 678 (2d Cir. 1990)). It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62 (2d Cir. 2009) (quotation marks omitted). In reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept as true all material factual allegations in the Complaint, but the Court is not required to draw all reasonable inferences in Plaintiff's favor. *Cuello v. United States*, 2013 WL 1338839, at *6 (E.D.N.Y. Mar. 29, 2013) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Rather, a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In analyzing a motion to dismiss for lack of subject matter jurisdiction, the Court may refer to evidence outside the pleadings. *Zappia Middle E. Const. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

3

Generally, federal courts lack jurisdiction over suits brought against the United States government. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (finding that the United States is immune from suit except as it consents to be sued); *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("the terms of the [government's] consent to be sued in any court define that court's jurisdiction to entertain the suit"). The FTCA constitutes a limited waiver of the government's sovereign immunity for tort claims brought against the government. *Gay v. Terrell*, 2013 WL 5437045, at *25 (E.D.N.Y. Sept. 27, 2013) (finding that "[t]he Federal Tort Claims Act is the exclusive remedy . . . for any wrongful act or omission committed by a federal employee within the scope of employment"). The FTCA's requirements for bringing suit against the government must be strictly construed, *U.S. v. Kubrick*, 444 U.S. 111, 117-18 (1979) (finding that the FTCA's waiver of sovereign immunity should not be extended beyond that which Congress intended), because a litigant's failure to comply with "the conditions under which the Government has agreed to waive [sovereign] immunity" deprives the Court of subject matter jurisdiction. *Davis v. Goldstein*, 2013 WL 3208369, at *3 (E.D.N.Y. June 24, 2013); *see also Gilvar v. United States*, 468 F. App'x 31, 32 (2d Cir. 2012) (finding that failure to timely file suit is a "jurisdictional defect" under the FTCA); *Goldblatt v. Nat'l Credit Union Admin.*, 502 F. App'x 53, 55 (2d Cir. 2012) (finding that the district court properly determined that it lacked subject matter jurisdiction because the appellants filed their complaint more than six months after the federal agency denied their administrative claim).

## II.  Analysis

Under the FTCA, a claimant must exhaust his administrative remedies before bringing a tort suit against the government. 28 U.S.C. § 2675(a) (providing that "an action shall not be

4

instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .") Once the appropriate Federal agency has "finally denied" a claim, a claimant must bring suit *within six months* of the mailing of the denial, or otherwise be "forever barred" from doing so. 28 U.S.C. § 2401(b) (emphasis added).

In this case, the Agency mailed Plaintiff a letter notifying him of the denial of his claim on April 17, 2012. (Compl., Ex. 2 at 4.) Plaintiff commenced this action on October 19, 2012 – six months and two days later. (*See* Compl.) Thus, Plaintiff has failed to comply with the conditions under which the government has agreed to waive sovereign immunity pursuant to the FTCA. Nonetheless, Plaintiff argues that the present action is not time-barred, because: 1) his claim before the Agency has not been "finally denied" (Pl.'s Mem. ¶¶ 8-11); and 2) Plaintiff's claims should be equitably tolled. (Pl.'s Mem. ¶¶ 15-18.) For the reasons set forth below, both of Plaintiff's arguments are without merit.

### A. Final Denial

28 C.F.R. § 14.9(a) provides that

> Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

The Denial Letter sent to Plaintiff by the Agency on April 17, 2012 meets the criteria of Section 14.9(a). *See Glorioso v. F.B.I.*, 901 F. Supp. 2d 359, 362 (E.D.N.Y. 2012). The Agency's decision was in writing and sent by certified mail to Plaintiff's attorney. (Compl., Ex. 2 at 2-4.)

The Denial Letter also stated the reasons for the denial of Plaintiff's claims and warned that Plaintiff was required to file suit in district court within six months if he was unsatisfied with the Agency's decision. (*Id.* at 2-3.)

Nonetheless, Plaintiff claims that the Denial Letter does not constitute a "final" denial of his claim before the Agency because the Declaratory Judgment action brought by Hereford is still pending. According to Plaintiff, if the court presiding over the Declaratory Judgment action finds that Staff Sergeant Suarez-Cardona was acting in the scope of his employment at the time of the collision, then the Agency will have to reconsider Plaintiff's claim, and the FTCA's statute of limitations will not start running until the Agency issues "a new denial on proper grounds." (Pl.'s Mem. ¶ 9.)

Plaintiff has not cited any case law in support of his argument that an agency action is not final if a lawsuit seeking review of the action is subsequently initiated. Plaintiff's interpretation of the FTCA's "final denial" requirement would yield the absurd result that no agency action would be final until judicial review of the action is complete. Moreover, such a reading of the FTCA's statute of limitations "would undermine the statutory scheme by unduly and unpredictably lengthening the limitations period." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 142 (2d Cir. 2011); s*ee also U.S. v. Kubrick*, 444 U.S. at 117 (finding that the "obvious purpose" of 28 U.S.C. 2401(b) "is to encourage the prompt presentation of claims"). Considering that the FTCA's waiver of sovereign immunity must be strictly construed, *U.S. v. Kubrick*, 444 U.S. at 117-18, the Court finds that the Denial Letter constituted final denial of Plaintiff's claims before the Agency.

### B. Equitable Tolling

Plaintiff contends that the FTCA's six-month statute of limitations should be tolled in this case, because: 1) the Defendants' misconduct induced Plaintiff into allowing the filing deadline to pass; 2) Plaintiff acted diligently in pursuing this matter; and 3) Plaintiff attempted to file the present law suit on time. (Pl.'s Mem. ¶ 15-17.) As a preliminary matter, it is an open question in this Circuit whether equitable tolling is available at all under the FTCA. *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013). However, the Court need not decide whether the FTCA's statute of limitations may be equitably tolled, because Plaintiff has failed to establish entitlement to equitable tolling by showing "that extraordinary circumstances prevented him from filing his claim on time, and that he acted with reasonable diligence throughout the period he seeks to toll." *Id.* at 150 (citing *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)).

While Plaintiff asserts that the Agency's findings were incorrect, he does not allege any fraud, misconduct, or misrepresentation on the part of the Defendants at all, much less such that it prevented him from filing his claim timely. Plaintiff's contention that Defendants induced him to miss the filing deadline is particularly implausible in light of the fact that the Denial Letter clearly informed Plaintiff of the need to file suit no later than six months from the date of the mailing of the letter. Thus, Plaintiff has not shown that the Defendants' actions prevented him from timely filing suit.

Plaintiff also has not shown that he acted with reasonable diligence. Plaintiff boldly asserts, without any factual support, that he "has acted diligently in pursuing this matter" and that he "did attempt to file the summons and complaint on time." (Pl.'s Mem. ¶¶ 16-17.) To the contrary, it appears that Plaintiff's failure to timely file the present action was due to negligence on the part of his attorney. Thus, equitable tolling is not justified in the present case.

In sum, Plaintiff has failed to establish any justification for his failure to file the present action within the time period mandated by the FTCA. Accordingly, this action is dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss is granted in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      March 27, 2014

                                                _____/s/_____
                                                    DORA L. IRIZARRY
                                                United States District Judge